

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-4496
Re: Whether a certain instrument,
pledging as security, among
other things, a feed mill and
a dairy electric refrigerator,
is exempt from the taxable
provisions of Senate Bill
96, Acts, 47th Legislature,
Regular Session.

We have received your request for an opinion from this
department. We quote from your request;

"Mr. Floyd Mitchell, our County Clerk, has re-
quested that I secure an opinion from your department
on the following question:

"A chattel mortgage has been presented to Mr.
Mitchell for filing. This mortgage is given to
secure an indebtedness of $9,150.00, and to further
secure two years rent on a farm at an annual rental
of $4,500.00, making a total indebtedness of $18,-
150.00. This mortgage pledges farming implements,
sheep, yearlings, horses and about 90 head of dairy
cattle to secure this entire indebtedness and also
included in this mortgage are the following two
items of personal property:

"1 International feed mill
1 Dairy electric refregirator - International

"All of the property described in this mortgage
being located on a farm of about 1500 acres, lying
in McLennan and Falls Counties.

"Mr. Mitchell wants to know if the inclusion of
the two items set out above would prevent this mort-
gage from coming under the exceptions to the statute,
excepting farm products and farming implements from
the payment of the State Note Stamp Tax."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The 47th Legislature, Regular Session, enacted Senate Bill 97, which was an amendatory Act of Article 7247e of Vernon's Civil Statutes of Texas which provides that instruments securing certain notes and obligations are subject to a tax for the privilege of recording same in the deed records of the county in which such instrument is presented. The exceptions from the taxable provisions of the Act are stated as follows:

"* * * nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements, or on abstracts of judgment."

We refer you to the definition of "farming tools and utensils" in our Opinion No. O-3559, a copy of which is enclosed. We think the definition therein given is applicable and proper here. We think, under the facts submitted by you, that it is evident that the mortgagee is engaging, to some extent, in milking cows as a part of the normal operation of the farm and that the feed mill and dairy electric feeder would be implements used and needed by the farmer in conducting his own farming operation. Since such are "farming implements," in our opinion, then they come clearly within the exception of the taxable provisions of Senate Bill 97 and are therefore not taxable under said Act.

Your question is specifically answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR. 27, 1942
(s) Grover Sellers
First Assistant Attorney
General

By  (s)  Harold McCracken
                    Assistant

HM:ej
Encl.